UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Danyang Stark Auto Parts Co., Ltd. and Feng Li<br><br>*Plaintiffs*,<br><br>v.<br><br>Guangzhou Maike Auto Accessories Co., Ltd., Yuankun Li, and U.S. Trademark Reg. No. 6,203,659, *in rem*.<br><br>*Defendants*. | **CASE NO.**<br><br>**Jury Demand** |

## COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiffs **Danyang Stark Auto Parts Co., Ltd.** ("Stark") and Feng Li ("Plaintiff Li," collectively, referred to as "Plaintiffs"), against Defendants **Guangzhou Maike Auto Accessories Co., Ltd.** ("Guangzhou Maike"), Yuankun Li ("Defendant Li") and, in rem, relative to U.S. Trademark Reg. No. 6,203,659 ("the '659 Mark"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

### NATURE OF THE ACTION

1. This court has original jurisdiction over the subject matter of this action pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, pursuant to 28 U.S.C.§§ 1331, 1338(a)-(b), and pursuant to the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202.

2. This is an action for a Declaratory Judgment of no trademark infringement under the U.S. Lanham Act, 15 U.S.C. § 1051, *et seq*. Specifically, Plaintiffs seek a Declaratory Judgment that their products featuring the symbol [fury logo] does not infringe upon U.S. Trademark

1

Reg. No. 6,203,659 ("the '659 Mark"), which has been asserted against Stark by Defendant to Alibaba (and indirectly against Plaintiff Li, its putative rightful owner), and has caused Alibaba to have delisted the product from its ecommerce platform. Plaintiff Li requests that ownership of the '659 Mark be restored to himself and, alternatively, Plaintiffs request that the Court deem the trademark to be invalid and/or unenforceable.

3. Stark also asserts that Defendants Guangzhou Maike and Li (collectively, hereinafter, "the Maike Defendants") committed acts of unfair competition, in violation of the U.S. Lanham Act, 15 U.S.C. § 1051 *et seq*., by falsely stating to Alibaba that Stark has infringed upon Maike's '659 Mark that, in fact, was obtained through fraud and, therefore, is invalid and unenforceable.

## THE PARTIES

**THE PLAINTIFFS**

4. Plaintiff Stark is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located at Dandong Road, Gaojia Community, Danyang City, China. Stark purchased Fury-branded products that featured the work [FURY logo] from Dongguan Stark Automotive Technology Co., Ltd. (the "Manufacturer" or "Dongguan Stark") and offered to sell these products on Alibaba.

5. Plaintiff Li is an individual who is the creator and owner of the copyrighted work [FURY logo]. *See* Exhibit A for the Work Registration Certificate. He has a business address at Room 101, No. 117, Shatou West Street, Chang'an, Dongguan City, China. Plaintiff Li authorized Dongguan Stark to manufacture automotive modification products featuring his copyrighted work [FURY logo], which are the Authenticated FUNY Product.

**THE DEFENDANTS**

6. Defendant Guangzhou Maike is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located at Block B, No. 708 Guangshanyi Road, Tianhe District, Guangzhou City, China.

7. Defendant Li is an individual who is an owner and is the principal officer of Defendant Guangzhou Maike. Upon information and belief, Li has a business address at Block B, No. 708 Guangshanyi Road, Tianhe District, Guangzhou City, China. Also, Defendant Li directs the actions of Defendant Guangzhou Maike.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a) and (b), because this action arises under the laws of the United States, in particular the Lanham Act of the United States, 15 U.S.C. § 1051 *et seq*.

9. An actual case or controversy exists between the parties to this action. Defendant Guangzhou Maike fraudulently filed a trademark application with USPTO, declaring that they were the source of the product bearing with the symbol "FUNY," even though they knew they were not. The Maike Defendants filed trademark infringement complaints to Alibaba which resulted in the removal of Stark's Alibaba product listings. Product delisting from Alibaba has stopped Stark's product sales on Alibaba and caused financial loss. The Maike Defendants' actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 *et. seq*.

10. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over the Maike Defendants since the Maike Defendants directly target business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce store. Specifically, the Maike Defendants have targeted

sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offers shipping to the United States, including Illinois, accepts payment in U.S. dollar and, on information and belief, has sold products to residents of Illinois. The Maike Defendants are engaging in interstate commerce and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

11. On information and belief, Defendant Guangzhou Maike and Defendant Li are inextricably intertwined with the marketing, selling and shipping of the product bearing with the symbol "FUNY" ("the FUNY Product") into the United States and into the State of Illinois.

### FACTTUAL BACKGROUND

12. The product at the heart of this lawsuit is products featuring the following work, [FUNY logo].

13. Plaintiff Li is the one who originated the work of [FUNY logo] in 2018. This work was registered with the National Copyright Administration of the People's Republic of China. *See* Exhibit A.

14. As early as July 2018, Plaintiff Li's authorized manufacturer Dongguan Stark began to manufacture automotive modification products that feature his copyrighted work [FUNY logo] ("the Authenticated FUNY Product").

15. Admired and inspired by the Authenticated FUNY Product, Defendant Guangzhou Maike approached and began purchasing the Authenticated FUNY Product in April 2019.

16. Unbeknownst to Plaintiff Li, the Maike Defendants filed for a U.S. trademark application on his copyrighted work [FUNY logo]. The Maike Defendants' trademark application was filed on November 5, 2019. *See* Exhibit B for a true and correct copy of the issued '659 Mark.

17. As indicated above, on November 5, 2019, the Maike Defendants filed a trademark application with the USPTO. The application claims the ownership of the symbol ![funy] ("FUNY"), which is the original copyrighted work of Plaintiff Li.

18. The current registrant of the '659 Mark, Defendant Guangzhou Maike became aware of this copyrighted work by purchasing the Authenticated FUNY Product in April 2019.

19. The Maike Defendants committed fraud by claiming the original source of the products was Defendant Guangzhou Maike, even though they knew the products were not.

20. The USPTO was not aware that Defendant Guangzhou Maike's statements were fraudulent, and that the symbol ![funy] was not originated by Defendant Guangzhou Maike. Therefore, the USPTO issued the '659 Mark. *See* Exhibit B for the Registration.

21. Stark's dispute with the Maike Defendants stems from their wielding the fraudulently obtained '659 Mark against Stark by filling two bogus trademark infringement complaint to Alibaba. This has harmed Stark's sales and jeopardized its carefully developed relationship with Alibaba.

22. Upon information and belief, sometime in July 2023, Defendant Li contacted Alibaba and demanded that Alibaba delist the Authenticated FUNY Product offered to sell by Stark.

23. On July 31, 2023, the Alibaba store of Stark, which purchased the Authenticated FUNY Product, received two counterfeiting complaints from Alibaba Group – Intellectual Property Protection Platform. Both complaints were made by the Maike Defendants, alleging the products offered to sell by Stark are "fake."

24. The basis of Defendant Li's complaint to Alibaba was that the Authenticated FUNY Product offered to sell by Stark infringes upon the '659 Mark.

25. Alibaba does not adjudicate the validity of trademarks. Rather, when presented with a trademark, Alibaba presumes that the trademark is valid and enforceable.

26. As a direct result of these fraudulent complaints, Stark's Alibaba store is now shut down by Alibaba.

27. Alibaba not only constantly monitors and scores each seller's account performance including how many infringement complaints have been filed against the seller, but Alibaba also reserves the right to deactivate selling accounts without advance warning.

28. This suspension from Alibaba, regardless of its duration, have caused a fatal impact on the Stark's business and reputation.

29. Even if the listings are reinstated, it will be extremely difficult for Stark to regain its previous ranking in the near future.

30. Multiple Intellectual Property infringement allegations against a seller, such as Stark, on Alibaba can lead the seller's entire store being shuttered permanently.

31. Therefore, the Maike Defendants' fraud has put Stark at imminent and grave risk that its Alibaba store will be shuttered permanently, and it will be unable to sell to Alibaba's customers.

32. The Maike Defendants are responsible for their allegations of trademark infringement to Alibaba, and against Stark, that is based upon fraud on the USPTO. In turn, the Maike Defendants' fraud has been perpetuated against Alibaba and Stark.

33. This is also an action for correcting ownership of the '659 Mark. The Maike Defendants erroneously, incorrectly, and fraudulently represented to the USPTO that they were the originators of the Authenticated FUNY Product, when in fact, the creator of the work ![funy logo] is Plaintiff Li.

34. Further, Plaintiffs seek redress for the Maike Defendants' false labeling of the work *FUNY*. The Maike Defendants' use of the work *FUNY* falsely suggests that Defendant Guangzhou Maike is the original source of the Authenticated FUNY Product. However, in fact, the Maike Defendants are merely resellers of the Authenticated FUNY Product who also sells counterfeits of the Authenticated FUNY Product, such as key fobs and side steps.

35. The Maike Defendants' conducts described herein amounts to unfair competition under the federal Lanham Act as well as under the Illinois Laws.

36. The Maike Defendants unfairly competes with Plaintiffs by fraudulently filling a trademark application of the work *FUNY*, and later filed trademark infringement claim against the seller of the Authenticated FUNY Product, where, in fact, the Maike Defendants were only aware of the work *FUNY* by purchasing the Authenticated FUNY Product.

## COUNT I

**(The Authenticated FUNY Product Does Not Infringe the '659 Mark)**

37. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

38. This is an action for Declaratory Judgment that Stark's sale of the Authenticated FUNY Product does not infringe on any trademark rights of Defendant Guangzhou Maike, specifically, the '659 Mark.

39. Defendant Guangzhou Maike knew that they are not the original source of the Authenticated FUNY Product. Nevertheless, the Maike Defendants worked in concert to submit fraudulent application to the USPTO and made false and fraudulent statement to the USPTO.

40. Defendant Guangzhou Maike successfully defrauded the USPTO and secured the '659 Mark, which registered on November 24, 2020.

41. After having defrauded the USPTO, the Maike Defendants further perpetuated their fraud by asserting to Alibaba that the Authenticated FUNY Product infringes the '659 Mark. This resulted in Alibaba delisting Stark's product.

42. By reason of the foregoing, Plaintiffs are suffering and will continue to suffer irreparable harm from the Maike Defendants' fraudulent acts, in the manner set forth above, unless a Declaratory Judgment issues that the Authenticated FUNY Product does not infringe the '659 Mark. Plaintiff Li is also entitled a declaratory judgment that the '659 Mark is invalid and/or unenforceable.

43. Moreover, Stark is suffering and will continue to suffer irreparable harm, unless and until the Court directs the Maike Defendants to withdraw their complaints to Alibaba.

## COUNT II
### (Unfair Competition in Violation of the Lanham Act, and Common Law)

44. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

45. The Maike Defendants' acts of directing Alibaba to delist Stark's products on the basis of alleged trademark infringement, even though they knew that they obtained the '659 ark through fraud, constitutes a violation of the Lanham Act.

46. The work [FUNY logo] was created by Plaintiff Li, who authorized the manufacturer Dongguan Stark to sell the Authenticated FUNY Products featuring his work [FUNY logo] to Stark and the Maike Defendants.

47. By asserting the trademark infringement of the '659 Mark against Stark, despite their knowledge that the '659 Mark was obtained fraudulently, the Maike Defendants made false statements to Alibaba that were designed to injure Stark's reputation and standing with Alibaba.

8

48. The Maike Defendants' false allegations of trademark infringement by Stark amount to unfair competition under the Lanham Act.

49. By reason of the foregoing, Stark is suffering and will continue to suffer irreparable harm, unless and until the Court enjoins the Maike Defendants' activities and direct them to withdraw the trademark infringement complaint from Alibaba and to account and pay to Stark all its damages that it has suffered, including attorneys' fees for reckless statements to Alibaba that have resulted in harm to Stark.

## COUNT III
### (Correction of Named Rightful Owner of the '659 Mark)

50. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

51. Plaintiff Li is the actual owner of the work [FUNY logo].

52. Plaintiff Li seeks a certificate of correction to name Plaintiff Li as the owner of the '659 Mark, and removing Defendant Guangzhou Maike as owner of the '659 Mark.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered:

1. Declaring that the Authenticated FUNY Product does not infringe upon any trademark rights of Defendants, namely, the U.S. Trademark Reg. No. 6,203,659.

2. Declaring the U.S. Trademark Reg. No. 6,203,659 invalid and unenforceable because Defendant Guangzhou Maike is not the owner of the work [FUNY logo], and failed in their duty of candor to the USPTO or, alternatively, correcting and restoring the ownership of the U.S. Trademark Reg. No. 6,203,659 to Plaintiff Feng Li;

3. Ordering the Maike Defendants to notify Alibaba that their complaints against Stark are withdrawn, and that Alibaba should reinstate Stark's store and re-list the delisted products;

4. Ordering Alibaba, in the event that the Maike Defendants fail to comply with the Court Order (as set forth in the preceding paragraph) to withdraw the Maike Defendants' allegations of trademark infringement against Stark, to reinstate Stark's store and re-list the delisted products;

5. For actual damages in such amount as may be found, or otherwise permitted by law.

6. For an accounting of and the imposition of a constructive trust with respect to the Maike Defendants' sale on Alibaba to capture the gains secured by and through the Maike Defendants' fraudulent activity;

7. Declaring Plaintiffs as the prevailing party, and this case as exceptional, and awarding to Plaintiffs their reasonable attorneys' fees;

8. Awarding to Plaintiffs damages due to the Maike Defendant's improper and fraudulent acts, doubled and/or trebled due to the willful and exceptional nature of the case;

9. Awarding to Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

10. Awarding to Plaintiffs exemplary, punitive, statutory, and enhanced damages;

11. Awarding pre- and post- judgment interest.

12. Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

### Jury Trial Demand

Plaintiffs hereby demand a jury trial on all issues so triable.

| | |
|---|---|
| Date: August 12, 2023 | /s/ Tianyu Ju |
| | Tianyu Ju, Esq. |

GLACIER LAW LLP
251 S Lake Ave, Suite 910
Pasadena, CA 91101
iris.ju@glacier.law
(312)499-2666

Ruoting Men, Esq.
GLACIER LAW LLP
200 E. Randolph Dr., Ste. 5100
Chicago, IL 60601
ruoting.men@glacier.law
***Attorneys for Plaintiffs***

11